IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| **ELISEO SANCHEZ GONZALES and** | § | |
| **RICARDO HERNANDEZ FLORES,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| v. | § | **CIVIL ACTION V-07-81** |
| | § | |
| **RSC EQUIPMENT RENTAL, INC.,** | § | |
| **JLG INDUSTRIES, INC., and** | § | |
| **MICHAEL BARTELS,** | § | |
| | § | |
| **Defendants.** | § | |

**MEMORANDUM AND ORDER**

Before the Court is Defendants' Joint Motion for Leave to Designate Responsible Third Party. Dkt. No. 22. Plaintiffs have filed an Objection (Dkt. No. 23) to which Defendants have replied (Dkt. No. 24). Having considered the motion, response, and relevant law, the Court believes the motion should be GRANTED.

**Background**

Plaintiffs' claims arise from the alleged failure of a scissor lift at their job site. The lift allegedly collapsed while Plaintiffs were using it, sending them to the floor below and seriously injuring them. Plaintiffs have brought this suit against the company that rented the lift to Plaintiffs' employer and the manufacturer of the lift. The individual defendant, Mr. Bartels, is alleged to be an employee of defendant RSC Equipment Rental, Inc.

Those defendants have moved to designate Ricardo Rodriguez and South Texas Erectors, Inc. as responsible third parties, alleging that Rodriguez received the lift from RSC Equipment Rental and set it up, and that South Texas Erectors, as Plaintiffs' employer, owed Plaintiffs a duty

to maintain a safe work environment.

## Legal Standard

Texas Civil Practice and Remedies § 33.004 governs designation of responsible third parties. It reads, in relevant part:

> (a) A defendant may seek to designate a person as a responsible third party by filing a motion for leave to designate that person as a responsible third party. The motion must be filed on or before the 60th day before the trial date . . . .
>
> . . .
>
> (g) If an objection to the motion for leave is timely filed, the court shall grant leave to designate the person as a responsible third party unless the objecting party establishes:
>
>> (1) the defendant did not plead sufficient facts concerning the alleged responsibility of the person to satisfy the pleading requirement of the Texas Rules of Civil Procedure; and
>>
>> (2) after having been granted leave to replead, the defendant failed to plead sufficient facts concerning the alleged responsibility of the person to satisfy the pleading requirements of the Texas Rules of Civil Procedure.

TEX. CIV. PRAC. & REM. § 33.004.

## Analysis

First, the instant motion was filed more than sixty days before the trial date, as required by section 33.004(a).

Plaintiffs' objection attacks Defendants' motion on *Erie* grounds. They argue that because section 33.004 is a procedural provision, the *federal* rules for third party practice apply, and since the federal rules contain no provision for designating a responsible third party, Defendants' motion should be denied.

Plaintiffs' argument, however, is foreclosed by this Court's precedent. Motions based on

section 33.004 have been granted numerous times in the past.  *See, e.g.*, *Cortez v. Frank's Casing Crew & Rental Tools*, Civ. No. V-05-125, 2007 WL 419371 (S.D. Tex. Feb. 2, 2007).  In *Cortez*, "[t]he issue squarely before the Court [was] whether a known entity may be designated as a 'responsible third party' pursuant to § 33.004 of the Texas Civil Practice and Remedies Code in a federal diversity case."  *Id.* at *1.  The Court decided that question in the affirmative, holding that section 33.004 does not conflict with Federal Rule of Civil Procedure 14.  *Id.* at *3.  Plaintiffs have provided the Court no compelling reasons to stray from that course here.

Plaintiffs do not make any objections to Defendants' motion that would establish either of the two possible objections contained in subsection (g)(1) or (2) of section 33.004.

Plaintiffs argue that the motion should be denied because Plaintiffs themselves cannot bring an action against the allegedly responsible third parties.  This argument appears irrelevant, as section 33.004 does not condition designating responsible third parties on the existence of a cause of action against those third parties.  Nor do Plaintiffs cite authority for the contention that the motion should be dismissed on these grounds.[1]

Finally, throwing the kitchen sink into their objection, Plaintiffs argue that their right to due process and equal protection would be violated if the Court granted this motion.  This single-sentence "argument" cites no authority and need not be addressed at any length.

---

[1] The Court is of course not deciding the issue of whether Plaintiffs are correct in their contention that they have no cause of action against the allegedly responsible third parties.

**Conclusion**

Based on the foregoing, Defendants' Motion for Leave to Designate Responsible Third Party is GRANTED.

It is so ORDERED.

Signed this 15th day of October, 2008.

             JOHN D. RAINEY
             UNITED STATES DISTRICT JUDGE